UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RINKU PATEL, PharmD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 8110 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| CBC PHARMA HOLDCO LLC, | ) | |
| PHARMACY MANAGEMENT LLC, | ) | |
| ASHOK NAYYAR, an individual, | ) | |
| JEFFREY KELLY, an individual, | ) | |
| JONATHAN TUNIS, an individual, and | ) | |
| BARRY BEST, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Rinku Patel, PharmD, filed this lawsuit after OptioRx, LLC ("OptioRx")

terminated her from her role as chief executive officer ("CEO") of the company. She originally

named OptioRx as a defendant. Because OptioRx filed for bankruptcy, in her second amended

complaint, Patel proceeds against CBC Pharma Holdco LLC ("CBC"), OptioRx's sole member-

owner; Pharmacy Management LLC ("Pharmacy Management"), OptioRx's manager; Barry

Best, Jeffrey Kelly, and Jonathan Tunis, who all served on Pharmacy Management's board; and

Ashok Nayyar, the chief investment officer for OptioRx's senior lender.[1] Patel brings claims

against Defendants for violations of the Illinois Wage Payment Collection Act ("IWPCA"), 820

Ill. Comp. Stat. 115/1 *et seq.,* and the Illinois Whistleblower Act ("IWA"), 740 Ill. Comp. Stat.

174/1 *et seq.* She also brings claims for retaliatory discharge and breach of contract against

---

[1] CBC has not appeared in this case, and the Court granted Patel's motion for entry of default against
CBC on July 2, 2025. Doc. 58. For purposes of this Opinion, the Court uses "Defendants" to refer
collectively to Pharmacy Management, Best, Kelly, Nayyar, and Tunis. The Court refers to Best, Kelly,
Nayyar, and Tunis collectively as the "Individual Defendants."

Pharmacy Management. Defendants have moved to dismiss certain of Patel's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] After Patel agreed to dismiss her breach of contract claims (Counts VI, VII, and VIII) against Pharmacy Management without prejudice, the Court need only address Defendants' arguments as to the sufficiency of Patel's IWPCA claim concerning the withholding of her 2023 annual bonus (Count II).[3] Because Patel has sufficiently alleged an entitlement to a bonus under the IWPCA, the Court denies Defendants' motion to dismiss.

## BACKGROUND[4]

Patel, a Doctor of Pharmacy, has worked in the pharmaceutical industry for over twenty years. Patel joined OptioRx as its CEO in February 2022 and served in this position until her termination on February 5, 2024. CBC was the sole member-owner of OptioRx and served as OptioRx's manager until September 2022. As manager, CBC controlled OptioRx's day-to-day operations and executed Patel's employment agreement in that capacity. MC Credit Partners ("MCCP") is OptioRx's senior lender. The Individual Defendants are managing directors of MCCP. Nayyar also serves as MCCP's chief investment officer and Tunis as its general counsel. In September 2022, Pharmacy Management, reportedly at MCCP's behest, replaced CBC as OptioRx's manager. Pharmacy Management's board of managers (the "Board") included Best,

---

[2] The Court previously found that Defendants are subject to jurisdiction in Illinois. Doc. 34.

[3] Defendants also note in a footnote that Patel's "other claims for alleged unpaid wages under the IWPCA fare no better against the Defendants because of the bankruptcy of OptioRx." Doc. 44 at 6 n.3, 8 n.5. But the Court does not consider this undeveloped argument at this time. *See Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013) ("[A] party can waive an argument by presenting it only in an undeveloped footnote."); *Schrock v. Learning Curve Int'l, Inc.*, 744 F. Supp. 2d 768, 770 n.1 (N.D. Ill. 2010) ("Undeveloped arguments and arguments raised in footnotes are waived.").

[4] The Court takes the facts from Patel's second amended complaint and the documents attached thereto and presumes them to be true for the purpose of resolving Defendants' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

Kelly, Tunis, Jon Finch, a representative of Caprice Capital, and Jarlath Johnston, whom Nayyar appointed. The Board served as the board for OptioRx as well.

Patel's OptioRx employment agreement provided that she reported to OptioRx's manager and would perform the duties assigned to her by the manager, working remotely from Lemont, Illinois. The agreement outlined her compensation, including an annualized base salary of $400,000, a signing bonus, and a bonus if OptioRx sold in 2022. Section 4(d) of Patel's employment agreement, entitled "Discretionary Annual Bonus Plan," stated:

> During the term of Employee's employment under this Agreement, the Employee will be eligible for an annual bonus, the amount which will be up to 200% of Employee's Base Salary (the "Discretionary Bonus"). The Discretionary Bonus will be based on achieving annual goals set by the Company. The Discretionary Bonus, if any, will be paid to the Employee no later than 90 days following the end of the Company's fiscal year in which such Discretionary Bonus was earned. The Discretionary Bonus shall be determined annually by the Company and shall be aligned with the annual plan of the Company.

Doc. 19-1 at 3.

In the spring of 2023, OptioRx did not pay Patel and other management employees their earned 2022 bonuses. On July 10, 2023, Nayyar asked Patel to accept a $500,000 bonus instead of the maximum $800,000 bonus allowed for in her employment agreement. After this discussion, Patel asked the Board to set metrics that would determine management's 2023 bonus. Patel and other members of OptioRx's management proposed metrics on August 16, 2023. The Board approved the proposed metrics, which then governed Patel's entitlement to a 2023 bonus.

OptioRx terminated Patel's employment on February 5, 2024. During the phone call, Kelly and Tunis told her that they planned to honor her employment contract and provide her

3

with severance. Despite Patel meeting the metrics laid out for her 2023 bonus, OptioRx has refused to pay it to her.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The IWPCA "provide[s] employees with a cause of action for the timely and complete payment of earned wages or final compensation, without retaliation from employers." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1050 (7th Cir. 2016) (quoting *Byung Moo Soh v. Target Mktg. Sys., Inc.*, 353 Ill. App. 3d 126, 129 (2004)). The IWPCA defines "wage" narrowly as "compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties." 820 Ill. Comp. Stat. 115/2. Illinois courts have held that "[a]n employment agreement need not be a formally negotiated contract" and requires only the

4

manifestation of mutual assent. *Landers-Scelfo v. Corp. Off. Sys., Inc.*, 356 Ill. App. 3d 1060, 1067–68 (2005) (citing *Zabinsky v. Gelber Grp., Inc.*, 347 Ill. App. 3d 243, 249 (2004)).

Defendants argue that Patel's claim based on their alleged failure to pay her a bonus fails because the IWPCA does not apply to discretionary bonuses like that provided for in Patel's employment agreement. *See, e.g.*, *Sutula-Johnson v. Office Depot, Inc.*, 893 F.3d 967, 975 (7th Cir. 2018) ("[The IWPCA] applies only to 'earned' bonuses, not discretionary and gratuitous bonuses."). A bonus is considered discretionary "when the terms associated with the earning of the bonus are indefinite or uncertain, such as bonus being upon a positive evaluation of the 'employee's performance' and not when the earning of a bonus is based on objective factors such as length of service, attendance or sign-on or relocation incentives." 56 Ill. Adm. Code § 300.500(d). On the other hand, "[a]n employee has a right to an earned bonus when there is an unequivocal promise by the employer and the employee has performed the requirements set forth in the bonus agreement between the parties and all of the required conditions for receiving the bonus set forth in the bonus agreement have been met." 56 Ill. Adm. Code § 300.500(a).

Determining whether to treat a bonus as discretionary or earned is a fact-intensive inquiry, one typically inappropriate for resolution at the motion to dismiss stage. *See, e.g.*, *Schultze v. ABN AMRO, Inc.*, 2017 IL App (1st) 162140, ¶ 24 (following a full trial, determining that despite statements that the bonus was discretionary, it was earned based on an examination of company past practices and its treatment of other employees). Defendants nonetheless hang their hats on the language in Patel's employment agreement that identifies the bonus as discretionary, maintaining that this categorically defeats her IWPCA claim. *See Raquet v. Allstate Corp.*, 501 F. Supp. 3d 630, 646–47 (N.D. Ill. 2020) (language that "[n]o one, regardless of eligibility, is guaranteed an award" and that "[a]ll awards . . . are distributed on a discretionary

basis" precluded a plaintiff from succeeding on her IWPCA claim for failure to pay an annual

bonus). The Seventh Circuit recently rejected such a position in *Das v. Tata Consultancy*

*Services Ltd.*, however. 118 F.4th 903 (7th Cir. 2024). In *Das*, the Seventh Circuit concluded

that "on a motion to dismiss, a written incentive plan with boilerplate disclaimers does not

categorically preclude the finding of a Wage Act agreement between the parties," with the

"essential question to answer" being whether the plaintiff has sufficiently alleged mutual assent

to the terms of the agreement. *Id.* at 910.

Here, Patel alleges that, along with other OptioRx managerial employees, she proposed

metrics to the Board for their 2023 annual bonuses, which the Board accepted.[5] She also alleges

that she satisfied those metrics, which entitled her to the bonus. Taking these allegations as true,

then, Patel has alleged that, despite the language in her employment agreement describing the

payment of the bonus as discretionary, Defendants agreed to pay Patel a bonus if she met certain

metrics. This sufficiently suggests a right to an earned, as opposed to a discretionary, bonus.

*See* 56 Ill. Adm. Code § 300.500(a) ("An employee has a right to an earned bonus when there is

an unequivocal promise by the employer and the employee has performed the requirements set

forth in the bonus agreement between the parties and all of the required conditions for receiving

the bonus set forth in the bonus agreement have been met."). Because Patel claims she met the

---

[5] Defendants argue that Patel has attached an email to her second amended complaint that contradicts her allegation that the Board accepted the proposed metrics. The email references proposed metrics that management had provided to the Board for the Board's consideration at their meeting, noting that "the specific metrics, executives to be included, relative weight for each factor, and aggregate cost would be fleshed out after feedback from the board." Doc. 19-2 at 2. While the exhibit does not affirmatively support Patel's allegations that the Board adopted specific metrics for the 2023 bonus, it does not directly contradict them either. At the motion to dismiss stage, the Court must accept the plaintiff's allegations as true, unless an exhibit incontrovertibly contradicts them. *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013). Therefore, while discovery may prove otherwise, for purposes of resolving this motion, the Court accepts Patel's allegations that the parties agreed to metrics for the payment of a 2023 bonus.

requirements for an earned bonus, she has stated enough to allow her to proceed to discovery on her IWPCA claim based on her failure to receive a 2023 bonus.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to dismiss [43].


Dated: August 15, 2025

_____
SARA L. ELLIS
United States District Judge